# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO



FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

04 JAN 16 AM 9:50

[signature]
CLERK-ALBUQUERQUE

JOSE EDUARDO CASTRO-QUIRINO,

    Petitioner,

v.                                       CIVIL NO. 03-753 MV/DJS

LANE BLAIR, Warden,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. THIS MATTER is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner seeks to vacate the judgment and sentence entered in No. CR 2000-15 in the Twelfth Judicial District, Otero County, of New Mexico. In that proceeding Petitioner was convicted following a jury trial of one count of Bribery or Intimidation of a Witness: Retaliation Against a Witness, a third degree felony, one count of Aggravated Battery Against a Household Member, and one count of Criminal Sexual Penetration, third degree. In addition, Petitioner pleaded no contest to being an habitual offender with two prior felony convicitons. As a result of the foregoing, Petitioner was sentenced to a term of imprisonment of twenty-two years, to be followed by two years parole.

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.



2. Petitioner challenges his conviction and sentence on four grounds. First, Petitioner asserts that he was afforded ineffective assistance of counsel. Second, Petitioner claims that he was subjected to double jeopardy. Third, Petitioner claims that he was deprived of a fair trial due to prosecutorial misconduct. Petitioner's fourth claim for relief is that his right to due process was denied by judicial misconduct.

3. 28 U.S.C. §2254(b)(1) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal *habeas* proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Respondent concedes that Petitioner has exhausted his state court remedies as to the claims brought in the instant petition. However, Respondent asserts in the answer and in a Motion to Dismiss (Docket No. 9) that Petitioner's claims are subject to dismissal due to procedural default. In addition, Respondent seeks dismissal of the petition on the ground that it is time barred. The Court disagrees with the latter contention.

**TIMELINESS**

4. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified in part as 28 U.S.C. §2244(d)(1), became effective April 24, 1996 and established a one year statute of limitations for bringing *habeas* petitions pursuant to 28 U.S.C. §2254. That time period begins to run from the date on which the judgment became final by the conclusion of direct review or the expiration of time for direct review. 28 U.S.C. §2244(d)(1)(A). Alternatively, the time begins to run from the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2244(d)(1)(D). The one year statute of limitations is tolled during the time in which a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. §2244(d)(2).

5. Petitioner's amended judgment and sentence was entered on March 29, 2001, after the effective date of the AEDPA. Answer, Exhibit A. Petitioner timely filed a notice of appeal to the New Mexico Court of Appeals, which denied his direct appeal on October 9, 2001. Answer, Exhibit E. Petitioner timely sought *certiorari* review of his direct appeal from the New Mexico Supreme Court, which review was denied on January 25, 2002. Answer, Exhibit H. His conviction became final for tolling purposes once his opportunity to seek *certiorari* review from the United States Supreme Court had passed. Rhine v. Boone, 182 F.3d 1153, 1155-56 (10th Cir. 1999) cert. denied, 528 U.S. 1084 (2000) (citing cases). Thus, ninety days after January 25, 2002, Petitioner's conviction became final. On February 11, 2003, Petitioner filed a petition for writ of *habeas corpus* in state district court. Answer, Exhibit I. The petition was denied on February 25, 2003. Answer, Exhibit J. Petitioners sought a writ of *certiorari* from the New Mexico Supreme Court regarding that denial; however his petition was rejected as untimely submitted on May 6, 2003. Answer, Exhibit K.

6. From the date Petitioner's conviction was final until the filing of his state *habeas* petition, two hundred and ninety-two days elapsed. Following the rejection of the petition for writ of *certiorari* from the denial of Petitioner's state *habeas* petition, eight days passed until he filed his the instant federal *habeas* action. Answer, Exhibit K, Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. §2254 dated May 14, 2003.[2] See Barnett v. Lemaster, 167 F.3d 1321, 1322-23 (10th Cir.1999)(holding AEDPA period of limitations is tolled until state *habeas* relief is finally exhausted

---

[2]The instant federal *habeas* petitioner was filed on June 25, 2003; however, federal courts apply the "mailbox rule" when calculating prisoner's deadlines. The petition is dated May 14, 2003. See Houston v. Lack, 487 U.S. 266, 270, 275-76 (1988), in which a federal *habeas* petition is deemed filed as of the date the prisoner placed it in the prison's mail system.

3

by denial of petition for writ of *certiorari*). In total, then, three hundred days of the one-year AEDPA time period passed. Consequently, the instant *habeas* petition is not untimely.

**PROCEDURAL DEFAULT**

7. Procedural default is a doctrine based in comity and federalism. Jackson v. Shanks, 143 F.3d 1313, 1317 (10th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 730 (1991)). Procedural default occurs when a *habeas* petitioner fails to exhaust state remedies and the court to which he would be required to present his claims in order to meet the exhaustion requirement would find those claims procedurally barred. See Coleman, 501 U.S. at 735, n. 1. Those claims which have been procedurally defaulted will be barred unless a *habeas* petitioner can show cause and prejudice for the default or that application of the rule would cause a miscarriage of justice. See Maes v. Thomas, 46 F.3d 979, 984 (10th Cir.) cert. denied, 502 U.S. 1110 (1995) (Federal courts do not address issues that have been defaulted in state court on an independent and adequate state ground unless cause and prejudice or a fundamental miscarriage of justice is shown).

8. Failure to timely seek *certiorari* review of the denial of a claim brought in New Mexico state court results in the procedural default of the claim. See Watson v. New Mexico, 45 F.3d 385, 387 (10th Cir. 1995) (Procedural default where *certiorari* review not sought from denial of state *habeas* petition); also see Maes v. Thomas, 46 F.2d 979 985-86 (10th Cir.) (Issues abandoned on direct appeal in New Mexico considered defaulted) cert. denied 514 U.S. 1115 (1995). In this case, the state court refused to excuse Petitioner's default in failing to timely petition for a writ of *certiorari* from the denial of his state *habeas* petition. Further, the claims in the instant action were raised only in that state *habeas* petition. Consequently, Petitioner has procedurally defaulted the claims before this Court.

4

9. As mentioned above, if a *habeas* petitioner can show cause for his default and prejudice from the application of the rule or that the application of the rule would cause a fundamental miscarriage of justice, his default may be excused. See Maes v. Thomas, 46 F.3d 979, 984 (10th Cir.) cert. denied, 502 U.S. 1110 (1995) (Federal courts do not address issues that have been defaulted in state court on an independent and adequate state ground unless cause and prejudice or a fundamental miscarriage of justice is shown). In order to show cause for his procedural default such that it may be excused, Petitioner must show that some objective factor external to the defense impeded his efforts to raise the defaulted claims in state court. Maes, 46 F.3d at 987 (citation omitted). Objective factors that constitute cause include interference by officials making compliance with the procedural rule impracticable or a showing that the factual and legal basis of the claim was not reasonably available. Id. Alternatively, Petitioner may prevail in the face of a procedurally defaulted claim if he can demonstrate that denial of his claims will result in a fundamental miscarriage of justice. Smith v. Murray, 477 U.S. 527, 537 (1986). In the context of procedural default, a "fundamental miscarriage of justice" involves extraordinary circumstances when a constitutional violation probably has caused the conviction of one innocent of the crime. McCleskey v. Zant, 499 U.S. 467, 502 (1991).

10. Petitioner has met neither the "cause and prejudice" nor the fundamental miscarriage of justice standards for excusing his default. Since the filing of the Answer and Respondent's Motion to Dismiss, Petitioner has filed a Response to the Motion to Dismiss and two Motions for Summary Judgment, as well as a Motion for Evidentiary Hearing. In his Response to the Motion to Dismiss, Petitioner argues that the institutions in which he has been incarcerated interfered with the mail. However, he does not link such interference to his state *certiorari* petition, which was dated April

5

28, 2003, over thirty days after the deadline for that petition's submission had passed. Further, Petitioner asserts his actual innocence, but that bare assertion does not meet the standard for excusing his default.

## RECOMMENDED DISPOSITION

That Respondent's Motion to Dismiss be granted. Further, that the petition be denied as procedurally defaulted and this matter dismissed with prejudice.

DON J. SVET
UNITED STATES MAGISTRATE JUDGE