## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOSE EDUARDO CASTRO-QUIRINO,

    Petitioner,

vs.                                                        Civ. No. 03-0753 MV/DJS

LANE BLAIR, Warden,

    Respondent.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Respondent's Motion to Dismiss, filed August 4, 2003, **[Doc. No. 9 ]**. The Court, having considered the briefs submitted by both parties and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED**.

### BACKGROUND

On November 3, 2000, Petitioner Jose Eduardo Castro-Quirino was tried before a jury in the state district court of Otero County and found guilty of bribery or intimidation of a witness, aggravated battery against a household member, and criminal sexual penetration in the third degree. On March 12, 2001, his judgement of conviction was entered. Petitioner timely appealed to the New Mexico Court of Appeals, which affirmed Petitioner's convictions on October 9, 2001. Petitioner filed a petition for a writ of certiorari to the New Mexico Supreme Court on October 24, 2001. The New Mexico Supreme Court initially granted the petition for a writ of certiorari but then quashed the writ on January 25, 2002.

On February 11, 2003, Petitioner filed a petition for state habeas with the District Court of Otero County. This petition was denied on February 25, 2003. Under state rules, Petitioner had until

March 27, 2003 to file his petition for a writ of certiorari with the New Mexico Supreme Court.[1] on May 6, 2003, Petitioner filed a petition for a writ of certiorari to the New Mexico Supreme Court. This petition immediately was rejected as untimely.

On May 14, 2003, Petitioner mailed his 28 U.S.C. § 2254 petition. Respondent moved to dismiss Petitioner's § 2254 petition on two grounds. First, Respondent argued that Petitioner had procedurally defaulted his claims in his § 2254 petition because he had not timely filed a petition for a writ of certiorari in the New Mexico Supreme Court from the denial of his state district court petition for a writ of habeas corpus. Second, Respondent argued that Petitioner had not timely filed his § 2254 petition within the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). In response, Petitioner asserted that the untimely filing of his state petition for writ of certiorari was the result of "his Facility's rejection of the copies thereof, which were made and returned to him express mail, and within the time required for the petition's timely filing."

On January 16, 2004, the United States Magistrate Judge entered his proposed findings and recommended disposition, recommending that Respondent's contention that the § 2254 petition was time-barred under 28 U.S.C. § 2244(d)(1) be denied but that the § 2254 petition be dismissed on the grounds that Petitioner had procedurally defaulted his claims in state court. Petitioner filed objections to the proposed findings and recommended disposition, stating that "while he had no direct evidence linking the Torrance County Detention Facility to the procedural default addressed by the Court, he can state that he had numerous difficulties obtaining copies, a notary public's verification of his

---

[1] Petitioner claims that the deadline for filing the petition for writ of certiorari with the New Mexico Supreme Court was March 30, 2003, while Respondent claims the deadline was March 27, 2003. Resolution of this factual dispute is unnecessary, however, because Petitioner's petition was filed well outside either date.

Petition for Writ of Certiorari, and mail service therefor."

On September 22, 2004, the Court entered an Order adopting in part and rejecting in part the proposed findings and recommended disposition of the United States Magistrate Judge on Respondent's motion to dismiss. *See* September 22, 2004 Order [Doc. No. 20]. The Court agreed with the Magistrate Judge's recommendation that Petitioner's petition was not time-barred by 28 U.S.C. § 2254(d)(1) but found that a factual question had been presented as to the cause of Petitioner's procedural default in state court. The Court denied the motion to dismiss on the issue of the timeliness of Petitioner's § 2254 petition; deferred the issue of Petitioner's procedural default; and ordered that counsel be appointed for Petitioner for further proceedings on the procedural default issue. Counsel was appointed for Petitioner and submitted a brief on the issue of the cause for Petitioner's procedural default, to which Respondent filed a response.

This supplemental briefing clarified the basis for Petitioner's claim that the Torrence County Detention Facility ("Facility") impeded his efforts to timely file his petition for a writ of certiorari, resulting in his procedural default in state court. The evidence provided to the Court, which is undisputed by either party, demonstrates that on January 15, 2003, Eduardo Castro, Petitioner's son, mailed Petitioner a package that contained his petition for a writ of certiorari to the New Mexico Supreme Court. This package was delivered to the Facility on January 17, 2003. On January 22, 2003, Lorraine Cervantes, the mail clerk at the Facility, refused to accept the package because it did comply with Facility mail rules governing prisoner mail. Specifically, the package did not contain Petitioner's full legal name on the address label and was not marked legal mail or shipped directly from a Facility subscription vendor. Eduardo Castro received the returned package on January 24, 2003.

3

Approximately three months later, Petitioner informed Ms. Cervantes that his son was planning to resend the packages. Ms. Cervantes assured Petitioner that she would personally look for the package and deliver it to him, which she apparently did.

## DISCUSSION

In a habeas proceeding, the Court does not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless cause and prejudice or a fundamental miscarriage of justice is shown.[2] *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2564, 115 L.Ed.2d 640 (1991); *Maes v. Thomas*, 46 F.3d 979, 984 (10th Cir. 1995); *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993). In procedural default cases, the cause standard requires the petitioner to show that "some objective factor external to the defense" impeded his efforts to comply with state procedural rules. *See Murray v. Carrier*, 477 U.S. 478, 488 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). Objective factors that constitute cause include "interference by officials " that makes compliance with the State's procedural rule impracticable. *Id*.

Petitioner contends that the rejection by the Facility of the package containing his petition is an objective external factor that impeded his efforts to file a timely petition in the New Mexico Supreme Court for a writ of certiorari from the denial of his state habeas petition and resulted in his procedural default. The undisputed facts indicate that the cause noted by Petitioner is not an appropriate external factor. Petitioner's son failed to comply with rules governing receipt of mail by inmates, resulting in the package being rejected by the Facility. More significant, however, is the fact that the initial package was rejected by the Facility over two months prior to the deadline for filing

---

[2] Petitioner does not challenge the state court grounds for the procedural default. *See Ake v. Oklahoma*, 470 U.S. 68, 75, 105 S.Ct. 1087, 1092, 84 L.Ed.2d 53 (1985) (a state court finding of procedural default is independent if it is separate and distinct from federal law).

the petition yet there is no evidence that either the Petitioner or his son made any attempt to resend it until approximately three months later.  Based on these facts, the Court cannot find that the Facility's initial refusal of the package was the cause of Petitioner's procedural default.  Absent a demonstration that cause exists to excuse the procedural default, the Court need not consider the issue of prejudice.  *Rodriquez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991).

Petitioner has not asserted a fundamental miscarriage of justice exception and it does not appear from the record before the Court that such an exception is viable in this case.  "The fundamental miscarriage of justice exception is available only where the prisoner supplements his constitutional claims with a colorable showing of factual innocense."  *Steele v. Young*, 11 F.3d 1518, 1522 (10th Cir. 1993) (internal quotes omitted).  Petitioner has not asserted, much less made any showing, that the constitutional grounds asserted in his state or federal petition caused the conviction of one innocent of the crime.  Absent any showing of factual innocence, the fundamental miscarriage of justice exception is not available.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Respondent's Motion to Dismiss, filed August 4, 2003, **[Doc. No. 9 ]**, is **GRANTED**.  Jose Eduardo Castro-Quirino's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is hereby denied as procedurally defaulted and this matter is dismissed with prejudice.

Dated this 29th day of September, 2006.

_____
MARTHA VAZQUEZ
CHIEF U. S. DISTRICT COURT JUDGE

<u>Attorney for Petitioner</u>:
    Todd Hotchkiss

<u>Attorney for Respondent</u>:
    Elizabeth Blaisdell